UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.     CRIMINAL NO. 3:11-CR-68-DPJ-FKB

MEERA SACHDEVA

ORDER

This criminal matter is before the Court on Defendant Meera Sachdeva's Motion to Vacate [127] filed under 28 U.S.C. § 2255, her Motion for Transcripts [128], and her Motion to Appeal [134]. For the reasons that follow, the Motion to Vacate [127] is denied in part as to Ground Two. The Court defers ruling on Ground One and will require Sachdeva's former attorneys to respond to her allegations on that claim. The Motion for Transcripts [128] is denied without prejudice, and the Motion to Appeal [134] is considered moot.

I.     Background

Sachdeva was an oncologist who owned and operated the Rose Cancer Center in Pike County, Mississippi. In that capacity, she engaged in fraudulent billing schemes that resulted in a total loss amount of $8,168,524.72. Tr. [138] at 11. The schemes also jeopardized the health of her patients as she attempted to reduce expenses while inflating claims. As just one of many examples, Sachdeva instructed the clinic to reuse syringes. *See* Pre-Sentence Report ("PSR") [83] ¶ 87. Then, once under investigation, Sachdeva took steps to conceal her offenses by instructing her workers to destroy records, falsify documents, and lie to the Department of Health. *Id.* ¶¶ 52, 91, 139.

On February 11, 2014, Sachdeva pleaded guilty to Counts 2, 7, and 9 of the Indictment, with the understanding that the remaining 12 counts would be dismissed. *See* Plea Supp. [62] ¶¶

1, 2(a). Count 2 charged Sachdeva with health-care fraud under 18 U.S.C. § 1347, and counts 7 and 9 charged her with making false statements relating to health-care matters under 18 U.S.C. § 1035.

II.     Motion to Vacate

    A.     Standards

Under 28 U.S.C. § 2255, a prisoner in custody may move under limited circumstances to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Here, Sachdeva waived her right to seek collateral relief under § 2255. *See* Plea Agreement [61] ¶ 7. But an exception exists to this waiver when—as in this case—the defendant asserts ineffective assistance of counsel, and the ineffectiveness "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

To establish that an attorney was ineffective, a defendant must prove that counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the performance prong, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The prejudice prong in a plea context requires a "reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.").

    B.     Analysis

Sachdeva says her attorneys were ineffective because they (1) misrepresented that she faced life in prison if she refused to enter a guilty plea and (2) "occasioned a complete

breakdown in the attorney/client relationship." Def.'s Mot. [127] at 1. The first ground requires additional record development, and the second ground should be dismissed without a hearing.

Sachdedva first says that her attorneys told her she would face life in prison if she did not change her plea because the case "involv[ed] at least one death caused by her medical clinic." *Id.* She goes on to say that "this misrepresentation was essential to the decision to decide not to go to trial." *Id.* at 3. Sachdeva's Ground-One allegation of ineffective assistance of counsel may implicate the validity of the plea and therefore avoid the waiver contained in the Plea Agreement. Moreover, the Court must hear from counsel before determining whether their performance was ineffective.

The Government is therefore directed to provide a copy of Sachdeva's motion and this Order to Robert B. McDuff and Sibyl C. Byrd, Sachdeva's former attorneys. Those attorneys are directed to respond within 30 days of this Order, by written affidavits, to the allegations made by Sachdeva in Ground One of her motion. The Government shall file a response to Ground One within 30 days after the submission of the affidavits. The Court further and specifically finds that Sachdeva has waived her right to claim an attorney-client privilege in regard to these proceedings.

Sachdeva's second argument is that "[c]ounsel occasioned a complete breakdown in the attorney/client relationship." *Id.* at 1. In particular, she says her attorneys failed to (1) investigate the charges; (2) hire a handwriting expert that would have rebutted the charges in Counts 7 and 9; (3) hire a billing expert; and (4) share discovery with her. But this claim does not fall within the exception to the § 2255 waiver found in the Plea Agreement, and it is without merit in any event.

Starting with the waiver, the only ineffective-assistance claims that can be considered despite a waiver are those where "the claimed [ineffective] assistance *directly affected* the validity of th[e] waiver or the plea itself." *White*, 307 F.3d at 343 (emphasis added). None of the alleged errors Sachdeva includes in her Ground-Two claim relate directly to the validity of the plea generally or the waiver specifically. Ground Two does not fall within the ineffective-assistance exception to the § 2255 waiver.

Even assuming Ground Two survived Sachdeva's waiver, it fails on the merits. While Sachdeva now expresses grave concern regarding her attorneys, she expressed none of that during her plea hearing. To begin, Sachdeva thoroughly confirmed that she was satisfied with her trial counsel:

> THE COURT: All right. Ma'am, are you satisfied with the amount of time you've had to spend with your attorneys?
>
> THE DEFENDANT: I didn't understand the question.
>
> THE COURT: Sure. Are you satisfied --
>
> THE DEFENDANT: Yes. Yes.
>
> THE COURT: -- with the amount of time you've had to spend with them?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Yes?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. Are you also satisfied with the amount of time that your attorneys have spent on your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you fully satisfied with the counsel, representation and advice given to you in this case by your attorneys?
>
> THE DEFENDANT: Yes.

4

> THE COURT: All right. If you have any complaints about your attorneys, today is the day to let us know about it. Do you have any complaints?
>
> THE DEFENDANT: No.

Tr. [112] at 6–7. As to the suggestion that she was not guilty of Counts 7 and 9 or could have rebutted them, she confirmed under oath that she was "pleading guilty of [her] own free will because [she was] guilty." *Id.* at 11.

Sachdeva is not the first criminal defendant to file a motion under § 2255 that completely refutes her own sworn statements to the Court. In *United States v. Cervantes*, the Fifth Circuit provided the standards for such motions, holding that

> a defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 . . . (1977).

132 F.3d 1106, 1110 (5th Cir. 1998). And though *Cervantes* recognized that exceptions may exist when the defendant produces "independent indicia of the likely merit of her allegations," *id.*, Sachdeva offers nothing other than her own unsupported assertions to contradict her sworn testimony. The Court therefore credits her hearing testimony and finds neither deficiency in counsel's performance nor prejudice. Because Sachdeva "fails to meet her burden of proof in light of other evidence in the record," Ground Two is denied without an evidentiary hearing. *Id.*

III.    Motion for Transcripts

Sachdeva has also asked for copies of the "initial arraignment transcripts prior to indictment, arraignment transcripts[,] plea transcripts, in judge chambers transcripts[,] and sentencing transcripts . . . to assist in litigating the civil motion." Mot. [128] at 1. While 28 U.S.C. § 753 provides for free transcripts in § 2255 proceedings, those are available only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript

5

is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). At this time, Sachdeva has not demonstrated that such a certification is appropriate. The motion for transcripts is denied without prejudice.

IV. Motion to Appeal

Also pending is a Motion to Appeal Order [134], filed December 11, 2017, in which Sachdeva seeks "to appeal [the] district court's Supplemental Order of Garnishment." Mot. [134] at 1. But Sachdeva has already appealed the Court's Supplemental Order of Garnishment [130]—she filed a Notice of Appeal [133] on November 27, 2017. Sachdeva's appeal has been docketed as Fifth Circuit Case Number 17-60800, and on February 27, 2018, the Fifth Circuit issued a briefing notice. As such, Sachdeva's Motion to Appeal Order [134] is considered moot.

V. Conclusion

For the foregoing reasons, the Motion to Vacate [127] is denied in part as to Ground Two. The Court defers ruling on Ground One. Sachdeva's former attorneys shall file affidavits as set forth herein within 30 days of the entry of this Order, and the Government shall respond to Ground One of the Motion to Vacate within 30 days of the filing of the affidavits. Sachdeva's Motion for Transcripts [128] is denied without prejudice, and her Motion to Appeal [134] is considered moot.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE