UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                      CRIMINAL NO. 3:11-CR-68-DPJ-LRA

MEERA SACHDEVA

ORDER

Defendant Meera Sachdeva asks the Court "for compassionate relief or a modification of [her] sentence" under 18 U.S.C. § 3582(c)(1)(A). Mot. [164] at 1. For the following reasons, Sachdeva's motion is denied.

I.      Facts and Procedural History

On September 8, 2011, a federal grand jury indicted Sachdeva on 15 counts of health-care fraud and related crimes. On February 11, 2014, Sachdeva pleaded guilty to three counts, including one count of health-care fraud and two counts of making false statements relating to health-care matters. On December 7, 2012, the Court sentenced Sachdeva to a 240-month total term of incarceration. Sachdeva, a 59-year-old Asian-Indian woman with hypertension, is currently housed at the minimum-security federal prison camp in Alderson, West Virginia (FPC Alderson), and her projected release date is August 25, 2028. Fearing she may suffer complications in the event she contracts COVID-19, she asks the Court to "consider [her] request for compassionate release or home confinement." Mot. [164] at 7.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The parties agree that Sachdeva exhausted as required by the statute. So the question before the Court is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Simmons's sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's applicable policy statements binding on district courts. *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the applicable guideline range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). But the question is whether there is presently an applicable policy statement because "[t]he Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release" on their own behalves. *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

Many courts continue to follow the prior policy statement, United States Sentencing Guideline § 1B1.13, but some do not. *Compare id.* (citing *United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (holding that "courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction")), *with United States v. Brown*, 411 F.

2

Supp. 3d 446, 451 (S.D. Iowa 2019) (concluding after amendment of § 3582(c)(1)(A) that "the Director's prior 'interpretation of "extraordinary and compelling" reasons is informative,' but not dispositive" (quoting *United States v. Adams*, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019))).

It seems at least noteworthy that courts "presume that Congress is aware of existing law when it passes legislation." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 169 (2014) (citation omitted). And that seems doubly true when Congress expressly incorporates that law into a new statute. If Congress thought § 1B1.13 was a bad fit when it amended § 3582(c)(1)(A) in the First Step Act, it probably would not have incorporated it by reference. Still, there is no binding precedent or clarity on this issue. Absent binding authority indicating that the Court should disregard § 1B1.13, the Court agrees with Judge Guirola that "[r]egardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release." *Woods*, 2020 WL 3452984, at *2.[1]

Section 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release. Application Note 1 states:

---

[1] A district court in North Carolina surmised that "[a]s the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely that there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future." *United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019).

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> (i) The defendant is suffering from a terminal illness[.]
>
> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Sachdeva does not suggest that her hypertension or any of her other medical conditions fit within Application Note 1(A), and she does not contend that subsections (B) or (C) of the Application Note apply.[2]  Instead, she argues that the mere threat of a COVID-19 infection, given her underlying conditions, constitutes an extraordinary and compelling reason for a sentence modification.  What Sachdeva fails to mention is that the BOP has not reported any

---

[2] In her reply, Sachdeva notes that she suffers from adjustment disorder with depressed mood, major depressive disorder, a Vitamin D deficiency, high cholesterol, hypothyroidism, leiomyoma of the uterus, cataracts, arthropathy, and hyperlipidemia.  Reply [173] at 22.

confirmed cases of COVID-19 among inmates or staff at FPC Alderson. So even if Sachdeva's underlying health conditions that place her at risk for COVID-19 complications could qualify her for a sentence modification under § 3582(c)(1)(A), she has not shown she is at a higher risk of contracting the virus at FPC Alderson than she would be if released. Indeed she could be as likely to face infection in the general public.

Moreover, the § 3553(a) factors do not support a sentence modification. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kids of sentences available;
>
> (4) the kinds of sentences and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]
>
> . . . .
>
> (5) any pertinent policy statement . . . [;]
>
> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

5

As noted in the Orders [139, 151] denying Sachdeva's § 2255 motion, Sachdeva's crimes were horrific. She was an oncologist who owned and operated the Rose Cancer Center in Pike County, Mississippi. In that capacity, she engaged in fraudulent billing schemes that resulted in a total loss amount of over $8 million and jeopardized the health of her patients. As just one of many examples, Sachdeva instructed the clinic to reuse syringes to reduce expenses. Pre-Sentence Report [83] ¶ 87. Once under investigation, Sachdeva took steps to conceal her offenses by instructing her employees to destroy records, falsify documents, and lie to the Mississippi Department of Health. *Id.* ¶¶ 52, 91, 139.

The sentencing guidelines would have prescribed a sentence of life imprisonment, but the counts of conviction carried a statutory maximum 240-month total term of incarceration, which the Court imposed. Sachdeva has nearly eight years remaining on that term; cutting her prison sentence nearly in half would not reflect the seriousness of her offenses or provide just punishment therefor.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Sachdeva's Motion for Compassionate Release [164] is denied.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE